IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEORGE WINGATE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:18-cv-937 (AJT/IDD) |
| ) | |
| SCOTT FULFORD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff George Wingate ("Plaintiff") has filed an Application for Award of Attorneys' Fees and Costs [Doc. No. 130] (the "Application"), in which he seeks to recover attorney's fees pursuant to 42 U.S.C. § 1988. Upon consideration of the Application, the memoranda submitted in support thereof and in opposition thereto, and for the reasons that follow, the Court awards $183,347.31 ($167,332.50 in attorney's fees, $6,014.81 in costs and expenses, and $10,000 incurred in preparing the fee application).

**I. BACKGROUND**

On July 30, 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Fourth Amendment of the United States Constitution by Defendant S.A. Fulford, a deputy sheriff in Stafford County, Virginia. [Doc. No. 1.] Plaintiff also brought several Virginia common law claims, including false arrest and malicious prosecution. [*Id.*] Plaintiff amended his complaint on November 11, 2018, [Doc. No. 11], and again on February 13, 2019, adding Defendant Dimas Pinzon, a lieutenant with the Stafford County, Virginia Sherriff's office, [Doc. No. 46]. Plaintiff's claims arose out of an investigatory stop and subsequent arrest by Defendants after Plaintiff refused to provide identification when asked.

On May 31, 2019, the Court granted Defendants' Motion for Summary Judgment on all counts and dismissed Plaintiff's case. [Doc. No. 79.] The Court granted summary judgment on the grounds that the Defendants' stop was constitutional and that the Defendants were protected by qualified immunity. Plaintiff appealed on June 27, 2019. [Doc. No. 81.] On appeal, the Fourth Circuit affirmed in part and reversed in part the Court's decision, ruling that Defendant Fulford engaged in an unconstitutional *Terry* stop, for which he did not enjoy qualified immunity, and that he engaged in an unconstitutional arrest, for which he did enjoy qualified immunity. *See Wingate v. Fulford*, 987 F.3d 299 (4th Cir. 2021). The Fourth Circuit remanded the case to determine the damages recoverable as a result of the unconstitutional *Terry* stop by Defendant Fulford and affirmed the dismissal of the remaining claims against Defendants Fulford and Pinzon.

On December 28, 2021, the Court ruled that Plaintiff was entitled to only obtain damages for his detention of about five minutes, precluding Plaintiff from recovering any damages that might have flowed from his subsequent arrest. [Doc. No. 119.] Soon after the Court's decision, Defendant Fulford sent a Rule 68 Offer of Judgment to Plaintiff for $10,000 (equating to approximately $2,000 for every minute Plaintiff was unlawfully detained). [Doc. No. 123-1.] On January 13, 2022, Plaintiff accepted Defendant Fulford's offer. [Doc. No. 123.][1]

On March 7, 2022, Plaintiff filed his application for an award of fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff seeks a combined total of $296,371.25, consisting of $279,295 in fees[2] and $7,076.25 in costs, plus $10,000 for work required to file the fee application. [Glasberg Decl.], at 8. On April 15, 2022, Defendant filed an opposition, arguing that Plaintiff's requested amounts

---

[1] Plaintiff notes that he tried various avenues to increase the total sum of Defendant Fulford's offer, including filing a motion for reconsideration of the Court's order [Doc. No. 121], but ultimately was unsuccessful given the risk of refusing to accept a Rule 68 offer. [Doc. No. 132] (Declaration of Victor M. Glasberg (hereinafter "Glasberg Decl.")), at 6-7.
[2] Plaintiff originally sought $281,445 in fees but agreed to lower the total amount by $2,150 because of an acknowledged miscalculation. [Doc. No. 137], at 3.

include unreasonable rates for Charles Tierney, unreasonable hours, and unsupported costs, and deserve an across-the-board reduction given unsuccessful the aspects of Plaintiff's case. [Doc. No. 136.]

## II.   LEGAL STANDARD

Section 1988 of Title 42 of the U.S. Code gives courts discretion to award attorney's fees and costs to a "prevailing party" in an action brought under § 1983. 42 U.S.C. § 1988(b). Section 1988, a departure from the so-called American rule "that each party must pay its own attorney's fees and expenses," is designed to encourage representation of civil rights litigants and thereby "ensure that federal rights are adequately enforced." *Perdue v. Kenny A.* ex rel. *Winn*, 559 U.S. 542, 550 (2010). "Because the purpose of [§ 1988] is to ensure 'effective access to the judicial process for persons with civil rights grievances,' a prevailing plaintiff should ordinarily recover attorneys' fees absent 'special circumstances [that] would render such an award unjust.'" *Page v. Va. St. Bd. of Elections*, 2015 WL 11256614, at *2 (E.D. Va. Mar. 11, 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

The Fourth Circuit has endorsed a three-step procedure in determining the proper amount of attorney's fees. First, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Id.* at 243-44. Those *Johnson* factors include:

   (1) the time and labor expended;
   (2) the novelty and difficulty of the questions raised;
   (3) the skill required to properly perform the legal services rendered;
   (4) the attorney's opportunity costs in pressing the instant litigation;
   (5) the customary fee for similar work;
   (6) the attorney's expectations at the outset of the litigation;
   (7) the time limitations imposed by the client or the circumstances;

3

      (8) the amount in controversy and the results obtained;
      (9) the experience, reputation and ability of the attorney;
      (10) the undesirability of the case within the legal community in which the suit arose;
      (11) the nature and length of the professional relationship between the attorney and client; and
      (12) attorney's fee awards in similar cases.

488 F.2d at 717-19.

      The Court must also consider whether an individual's rate is reasonable given the "prevailing market rates in the relevant community," which is understood to be the community within the jurisdiction where the action is tried. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (internal citation and quotations omitted). In that regard, the Fourth Circuit has required that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (internal citations and quotations omitted). Second, the Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d 244 (internal citation and quotations omitted). Third, the Court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal citation and quotations omitted). While these factors must guide the analysis, there is no strict formula the Court is required to follow. *See Trimper v. City of Norfolk Va.*, 846 F. Supp. 1295, 1303 (E.D. Va. 1994), *aff'd* 58 F.3d 68 (4th Cir. 1995); *In re Microstrategy, Inc.*, 172 F. Supp. 2d 778, 787 (E.D. Va. 2001) (recognizing that "arithmetic calculations aid the fee-setting process, but ultimately a trial court's judgment is centrally important and may trump the calculations"). Moreover, as repeatedly noted by the Fourth Circuit, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006) (internal citation and quotations omitted).

### III.   ANALYSIS

1. **Lodestar Amount**

"'Reasonableness is the touchstone of any award of attorneys' fees,' regardless of whether the award is made because of a fee-shifting statute or as a sanction." *De Simone v. VSL Pharm., Inc.*, 2018 WL 6680922, at *3 (D. Md. Dec. 19, 2018) (quoting *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013)).

   a.  Reasonable Rate

Plaintiff seeks to recover fees for work performed by Victor Glasberg, Maxwelle Sokol, Bernadette Valdellon, and Nickera Rodriguez, as well as non-practicing lawyer Charles Tierney. Glasberg billed at an hourly rate of $600 while Sokol, Valdellon, Rodriguez, and Tierney all billed at an hourly rate of $250. [Glasberg Decl.] at 12-13. These rates fall well within, or in several cases well below, the ranges specified by *Vienna Metro* as well as the Laffey Matrix.[3]

| Timekeeper | Years of Experience | Requested Rate | *Vienna Metro* | Laffey[4] |
|---|---|---|---|---|
| Victor Glasberg | 40+ | $600 | $505-$820 | $864-$919 |
| Maxwelle Sokol | 3+ | $250 | $250-$435 | $359-$381 |
| Bernadette Valdellon | 5+ | $250 | $350-$600 | $440-$468 |
| Nickera Rodriguez | 1+ | $250 | $250-$435 | $359-$381 |
| Charles Tierney (*Non-Practicing*) | 17 | $250 | $130-$350 | $196-$208 |

In further support of the Application, Plaintiff provides six declarations from practitioners in the area, all of whom attest to the reasonableness of the requested rates. [Doc. No. 131], at 6-7.[5] *See*

---

[3] The matrix, prepared by the U.S. Attorney's Office for the District of Columbia, puts forth the reasonable rates within the Washington-Baltimore area. The matrix is hosted on the USAO's website and includes updated rates for every year. *See* http://www.laffeymatrix.com/see.html; *see also Wengui Guo v. Yeliang Xia,* 2019 WL 2477607, at *2 (E.D. Va. June 13, 2019) (noting courts in the Fourth Circuit sometimes also look to the USAO Attorney's Fee Matrix as a helpful guide).
[4] Range from June 2017 to May 2022.
[5] *See* [Doc. No. 133-1] (Declaration of Michael Allen); [Doc. No. 133-2] (Declaration of Elaine Charlson Bredehoft); [Doc. No. 133-3] (Declaration of Harris D. Butler, III Esq.); [Doc. No. 133-4] (Declaration of Stephen G. Cochran); [Doc. No. 133-5] (Declaration of Joshua Erlich); [Doc. No. 133-6] (Declaration Arthur B. Spitzer).

*Taylor v. Republic Services, Inc.*, No. 1:12cv523, 2014 WL 325169, at *4 (E.D. Va. Jan. 29, 2014) ("[Plaintiff] must provide . . . 'specific evidence of the prevailing market rates in the relevant community for the type of work for which [she] seeks an award.'" (citation omitted)).[6]

Based on the Court's familiarity with this litigation, the rates charged in this jurisdiction by lawyers and staff of similar experience, the rates judicially recognized as reasonable within this district, and for the purposes of calculating the Lodestar, Court finds reasonable the proposed rates for Glasberg ($600) as well as Sokol, Valdellon, Rodriguez, and Tierney ($250).

    a.  Reasonable Hours

Plaintiff originally sought a total fee award of $281,445 based on 629.10 hours billed to a variety of categories, including discovery-related matters, motions, the Fourth Circuit appeal, and post-remand proceedings. However, in response to Defendant's opposition, Plaintiff acknowledges that three time entries include miscalculations, thereby resulting in a reduction request of $2,150.[7]

| Timekeeper | Rate | Hours | Requested Fees |
|---|---|---|---|
| Victor Glasberg | $600 | 352.2 | $211,320.00 |
| Maxwelle Sokol | $250 | 9.4 | $2,350 |
| Bernadette Valdellon | $250 | 85 | $21,250 |
| Nickera Rodriguez | $250 | 8.8 | $2,200 |
| Charles Tierney | $250 | 173.7 | $43,425 |
| *Voluntary Reduction* | | | ($2,150) |
| **Total** | | **629.10** | **$278,395.00** |

---

[6] Defendant does not appear to take issue with the rates charged by Plaintiff's counsel, except for Charles Tierney. [Doc. No. 136], at 2-3. Defendant references Mr. Tierney's licensing history, [*Id.*], at 3, and on that basis, argues that it is "not reasonable" for Plaintiff to recover fees based on his legal work, requesting the Court to exclude the entirety of the fees sought in connection with Mr. Tierney's work on this matter. [*Id.*] Here, Plaintiff is not seeking fees for Mr. Tierney's work based on his prior 17 years of experience as an attorney, which, per the *Vienna Metro* matrix would result in a range of an hourly rate of $520-$770. Rather, despite Mr. Tierney's experience, Plaintiff only seeks to recover for Tierney's work at an hourly rate of $250 which is well within the range of the *Vienna Metro* for a paralegal/law clerk, and only slightly above the ranges set by the Laffey matrix. For the purposes of calculating the lodestar, the Court will use $250 per hour for Mr. Tierney's work.

[7] There appears to be an additional arithmetic error with respect to the $281,445 fee request. When the Court adds the total fees specified in the detailed time records, the Court calculates $281,545, which is $100 more than Plaintiff's request, and is approximately $1,000 more than it should be given a miscalculation regarding Mr. Glasberg's time billed for work on Miscellaneous Discovery (3). *See* [Glasberg Decl.], Ex. C at 000003 (40.9 x $600 = $24,540, not the $25,540 requested). Accordingly, the Court treats Plaintiff's request as seeking $280,545 in fees.

Defendant objects to Plaintiff's fee request in part because Plaintiff's pre-appeal billing contains miscalculations and block billing. [Doc. No. 136], at 4-5. Plaintiff, as noted above, has voluntarily corrected the miscalculations, which the Court has already incorporated into its analysis. In terms of Defendant's block billing complaint, the Court recognizes that block billing constitutes a justifiable ground to reduce an attorney's requested hours. *See e.g.*, *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012) ("Courts may reduce a fee award when 'lumping' prevents an accurate assessment of the reasonableness of the fee request."). In his Reply, Plaintiff provides explanations for the identified instances of block billing. [Doc. No. 137], at 5-6. In light of the block billing entries, which total approximately 20 hours, the Court will reduce Mr. Glasberg's requested hours by 10. Next, Defendant argues that any time Plaintiff's counsel billed relating to experts should be excluded. [Doc. No. 136], at 5-6. The Court agrees and will reduce Mr. Glasberg's requested hours by 4.3. Finally, Defendant seeks to exclude all of Plaintiff's work incurred post-remand, approximately 67 hours ($30,805), contending that Plaintiff's work was entirely inconsequential in terms of the ultimate settlement as the $10,000 was predicated entirely on the Fourth Circuit's ruling in this case. [Doc. No. 136], at 6-7. The Court does not agree with such a drastic remedy. It was not unreasonable for Plaintiff's counsel to incur those hours by pursing a damages theory that was ultimately unsuccessful. The Court will, however, reduce Plaintiff's requested hours by 17 as it pertains to Mr. Glassberg's billed entries.

Besides Defendant's objections, the Court has also considered, in calculating the lodestar amount, the total hours expended relative to the tasks involved, as reflected in the detailed billing descriptions submitted by counsel for Plaintiff, taking into account the extent to which there appears to be some overlap or duplication of effort relative to the tasks involved; the responsible delegation of tasks, including the extent to which the tasks were performed at an appropriate

professional level and the overall number of lawyers involved in those tasks. In light of the aforementioned, the Court calculates the following revised hours:

| Timekeeper | Hours |
|---|---|
| Victor Glasberg | 310 |
| Maxwelle Sokol | 8 |
| Bernadette Valdellon | 80 |
| Nickera Rodriguez | 7 |
| Charles Tierney | 160 |
| **Total** | **565** |

Based on its review of the materials filed in support the Application, and the opposition thereto, and based on the Court's familiarity with this litigation, the nature of the case, the diligence required to bring this case and prosecute the appeal, the hours expended, and the results obtained, and for the purposes of calculating the Lodestar, the Court-revised hours are reasonable.

    b.  Lodestar Fee Calculation

Having determined the reasonable rates and hours, the Court calculates a lodestar amount of $249,750:

| Timekeeper | Rate | Hours | Requested Fees |
|---|---|---|---|
| Victor Glasberg | $600 | 310 | $186,000 |
| Maxwelle Sokol | $250 | 8 | $2,000 |
| Bernadette Valdellon | $250 | 80 | $20,000 |
| Nickera Rodriguez | $250 | 7 | $1,750 |
| Charles Tierney | $250 | 160 | $40,000 |
| **Total** | | **565** | **$249,750.00** |

    c.  Adjustment of Lodestar Amount

After calculating a "presumptively reasonable lodestar amount," the Court "must also consider whether any factors warrant an adjustment." *De Simone*, 2018 WL 6680922, at *6. In his opposition to Plaintiff's Application, Defendant Fulford argues that the Court should reduce the lodestar amount by 75% based on degree of success enjoyed by Plaintiff. [Doc. No. 136], at 9; *De Simone*, 2018 WL 6680922, at *3 ("[I]f 'much of the work was unnecessary. . . . considering what

was at stake and what was achieved,' reasonableness will require lowering the fee award." (citation omitted)); *see also Prison Legal News v. Stolle*, 129 F. Supp. 3d 390, 407 (E.D. Va. 2015) (implementing a 45% reduction of plaintiff's fee recovery in § 1983 case to "reflect Plaintiff's tangible and substantial victories on some of its § 1983 claims, while also taking into account Defendants' success in avoiding any monetary damages as well as defending the constitutionality" of some of their prior actions). Defendant argues that Plaintiff's Second Amended Complaint brought a total of eight counts against two defendants, which the Court dismissed in its entirety, and the Fourth Circuit reversed only on one count; therefore, according to Defendant, Plaintiff's success rate is less than 15%. [Doc. No. 136], at 8. Moreover, Defendant contends that Plaintiff's actual success was minimal as the lawsuit netted him just $10,000. [*Id.*]

Although the Plaintiff's limited degree of success must factor into its adjustment of the lodestar amount, courts typically impose the kind of reduction Defendant seeks when no damages were awarded. For example, the Court in *Stolle* only imposed a 45% reduction and did so because the defendants avoided liability for *any* monetary damages. 129 F. Supp. 3d at 407; *see also McAfee v. Boczar*, 738 F.3d 81, 85, 95 (4th Cir. 2013) (reducing fees by two-thirds when plaintiff only recovered limited out-of-court expenses). Moreover, aside from the monetary recovery, the Court may properly consider that Plaintiff's case had other successful aspects that extend beyond the merits of this case, including the Fourth Circuit's ruling on appeal regarding a Fourth Amendment right that was not "clearly established at the time of [Plaintiff's] arrest." *See Wingate*, 987 F.3d at 312; *see also Mercer v. Duke Univ.*, 401 F.3d 199, 208-09 (4th Cir. 2005) (affirming award of $350,000 for attorney's fees despite the fact that plaintiff "ultimately obtained only limited success on her claim" because her case was "first of its kind" and would "serve as guidance").

9

Based on all the facts and circumstances and the applicable considerations, the Court will reduce the lodestar amount by an additional thirty-three percent (33%) to account for Plaintiff's relative degree of success. Accordingly, the Court will award Plaintiff $167,332.50 in fees.

2. **Expenses**

Plaintiff requests $7,076.25 in expenses. Having reviewed the itemized records, the Court finds the requested costs reasonable subject to a fifteen percent (15%) reduction. Accordingly, the Court awards Plaintiff $6,014.81 for expenses.

3. **Fees Incurred Preparing the Application**

Plaintiff also requests $10,000 for fees incurred in preparing the application. Defendant does not object to this amount, which the Court finds reasonable under the circumstances. Therefore, the Court will award the entirety of the $10,000 requested by Plaintiff.

IV. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiffs' Application [Doc. No. 130] is GRANTED in part and DENIED in part. Plaintiff George Wingate be, and the same hereby is, awarded against Defendant Scott Fulford fees in the amount of $167,332.50, expenses in the amount of $6,014.81, and fees in the amount of $10,000 for work on the Application, for a total of $183,347.31, judgment for which be, and the same hereby is, ENTERED. It is further

ORDERED that Plaintiff's Motion for Leave to Supplement and Correct Record [Doc. No. 138] is GRANTED.

The Clerk is directed to enter judgment in accordance with Rule 58 and forward copies of this Order to all counsel of record.

_____
Anthony J. Trenga
Senior U.S. District Judge

Alexandria, Virginia
October 19, 2022

11